## ESCALONA *v*. SUCCESSION OF CASTRO.

## APPEAL from the District Court of San Juan.

### No. 577.—Decided June 13, 1911.

ACCEPTANCE OF INHERITANCE—CLASSES OF ACCEPTANCE.—According to section 964 of the Civil Code, inheritances may be accepted purely and simply or under benefit of inventory; and according to section 965, pure and simple acceptances may be express or implied, express acceptances being those made in public or private instruments, and implied acceptances being those made by acts which necessarily imply a wish to accept, or acts which no one should have a right to execute except in the capacity of an heir, acts of mere preservation or provisional administration not implying the acceptance of the inheritance if, at the same time, the title and character of heir have not been conferred thereby.

ID.—IMPLIED PURE AND SIMPLE ACCEPTANCE—PETITION FOR APPOINTMENT OF JUDICIAL ADMINISTRATOR—INTERVENTION IN ADMINISTRATION.—The act of a son who in the testamentary proceedings of his father petitions for the appointment of a temporary judicial administrator to administer a house which constitutes the hereditary estate of the father, and that a meeting of the parties interested in the inheritance be called for the appointment of a permanent administrator, cannot be deemed as an implied acceptance of the inheritance from the mother of the petitioner, because said house was not the property of his mother, but of the succession of his father; and the circumstance that an interest therein might correspond to his mother as legatee of her spouse could not deprive the children inheriting the latter of intervention in the administration of said house. Intervention in the aforesaid administration was compatible with the pure and simple non-acceptance of the inheritance from the mother.

ID.—IMPLIED ACCEPTANCE OF INHERITANCE—DECLARATION OF HEIRS.—The act of a son who in his own behalf and in behalf of his brothers and sisters applies for a declaration of intestate heirs of his deceased mother cannot be deemed as an implied acceptance on his own part and for his brothers and sisters of the inheritance from his mother, inasmuch as such act does not involve any act done in the capacity of heir and solely comprises the exercise of a personal right to obtain a declaration that he is such heir. Such act is the only adequate means of ascertaining for a certainty that he is actually such heir, for without such certainty he cannot accept the inheritance either purely or conditionally.

ID.—TERM FOR ACCEPTING INHERITANCE UNDER BENEFIT OF INVENTORY.—According to section 980 of the Civil Code, an heir who may have in his possession the property of the estate or a part thereof, and who may wish to make use of the benefit of inventory, shall state this to the competent court within 10 days following that on which he has become aware that he is such heir, if he resides in the place where the deceased may have died, and if he resides outside thereof, the period shall be 30 days.

ID.—In accordance with section 981 of the Civil Code, if the heir should not have in his possession the inheritance or a part thereof, or has not taken

any steps as such heir, the periods stated shall be counted from the day following that on which the period fixed by the district court for accepting or repudiating the inheritance expires, or from the day on which he may have accepted it or has acted as heir.

ID.—Section 982 of the Civil Code provides that with the exception of the cases referred to in sections 980 and 981 of the Civil Code, if no action is brought against the estate, an heir may accept the inheritance under the benefit of inventory while the action to claim the inheritance does not prescribe.

ID.—ACCEPTANCE OF INHERITANCE UNDER BENEFIT OF INVENTORY.—At the trial of the case at bar it was not proved that the property left by their father had been in the possession of the defendants, nor that they had done any act as such heirs, nor that they had been sued as such heirs; therefore it must be deemed that when on November 24, 1908, the defendants manifested their willingness to accept the inheritance under benefit of inventory, which was later done, they acted within the period fixed by law therefor.

ID.—ACCEPTANCE OF INHERITANCE UNDER BENEFIT OF INVENTORY—RESPONSIBILITY OF ACCEPTORS.—In accordance with section 989 of the Civil Code, the heir who accepts an inheritance under benefit of inventory shall not be bound to pay the debts and other liens on the inheritance except so far as the property of the same may go, which property shall not be confounded with his private property.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for plaintiff and appellant.

*Mr. Antonio Sarmiento* for defendants and respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On December 28, 1909, and in the District Court for the Judicial District of San Juan, Francisca Camila Escalona filed a complaint against the Sucession of Ana de Castro, in which complaint she alleged that Ana de Castro died on July 3, 1906, leaving Esteban, Ana, Francisco, Mercedes, Alonso, and Serafina Escalona y Castro, and Rafael Martí de Castro, who constitute her succession and who purely and simply accepted the inheritance as sole heirs; that by virtue of inheritance from her father, Esteban Escalona, who died May 9, 1869, the plaintiff was the owner of an undivided share of one-tenth of the house No. 50 Luna Street of this city; that without giving the plaintiff any part thereof, Ana de Castro received the rental of said house from May 9, 1869, to July 3, 1906, the date of her death, thus acting in the capacity of legal representative of her children, the defend-

ants, while these were minors, although she afterwards did so by virtue of an agreement of the majority of the tenants in common of the property and at all times without the consent and against the will of the plaintiff so far as relates to her share; that by virtue of an agreement of a majority of the tenants in common and against the will of the plaintiff, Alonso Escalona managed said house and received the rentals thereof from July 3, 1906, to December 21, 1908, when the same was sold at public auction without giving her any participation therein notwithstanding the demands of the plaintiff and of her attorney therefor; and that the house always produced, or, if managed properly, should have produced, the sum of $140 a month, the tenth part of the amount of the rentals of the house from May 9, 1869, to July 3, 1906, being estimated at $4,000, and of those from the latter date to December 21, 1908, at $320, both being net sums.

The complaint concludes with the prayer that the defendants be adjudged, either as heirs of Ana de Castro or on their own responsibility, to pay to the plaintiff $4,000 for the item above mentioned, and that defendant, Alonso Escalona, be adjudged to pay her, either individually or jointly with the other defendants, the sum of $320 for the item also stated above, with costs against the defendants.

In answering the complaint the defendants admitted that Ana de Castro died in this city on July 3, 1906, leaving them as her sole heirs; that Esteban Escalona died on May 9, 1869; that the property was sold at public auction on December 21, 1908; and that defendant, Alonso Escalona, managed the property and received the rentals thereof from July 3, 1906, to the latter date without giving the plaintiff any participation in said rentals, and without authorization from a majority of the tenants in common to manage said property.

The defendants deny the other facts stated in the complaint, and, as new matter, allege:

1. That they accepted the inheritance from Ana de Castro

under benefit of inventory while the administration of her estate was still pending.

2. That the plaintiff was the legatee of only one-half of one-fifth of the estate of her natural father, Esteban Escalona, and therefore had no right of ownership to, or joint interest in, any specific part of the hereditary property, but a right to one-tenth of the value of the same and of the profits thereof after deducting the liens thereon and the expense of administration, this being the right had by the plaintiff to house No. 50 Luna Street.

3. That from the time of his death to that of her own, and as testamentary executrix with managing powers, Ana de Castro managed the hereditary estate of Esteban Escalona and, therefore, the house in question, without further interruption other than from January 14, 1876, to June 30, 1880, when, for the purpose of paying the interest on an annuity (*censo*), the management of the greater part of said house was transferred to the municipality of San Juan, which effected the same through Heraclio Cordero, the father-in-law of the plaintiff.

4. That after the death of Ana de Castro one of the parties interested in the estate of Esteban Escalona requested that a meeting be called for the purpose of designating an administrator, and in the meantime Alonso Escalona, one of the parties interested in the estate of Esteban Escalona, voluntarily assumed said charge.

5. That in estimating the profits of the house the fact must be borne in mind that an annuity (*censo*) of $4,494.28, Spainsh money, bearing interest at the rate of 9 per cent per annum, and a mortgage of $1,500, Spanish gold, bearing interest at the rate of 1½ per cent per month, besides the expenses of repairs, taxes, and so forth, consequent to urban property, weigh upon the same.

6. That defendant, Alonso Escalona, has always shown a disposition to deliver to the plaintiff her corresponding share in the profits of the management of the house, and that for

such purpose he answered the only demand ever made upon him in this sense by rendering his accounts of the management, which accounts have not yet been returned to him.

The defendants conclude with the prayer that a judgment be rendered decreeing:

1. That the claims against the defendants on their own liability for the $4,000 produced by the house during the management of Ana de Castro, and for the $320 produced during the management of Alonso Escalona, cannot be sustained.

2. That the defendants, as heirs under benefit of inventory of their mother, Ana de Castro, shall satisfy to the plaintiff from the property that may be adjudicated to them after the inheritance is liquidated one-tenth part of the profits produced by house No. 50 Luna Street of this city during the time that it was managed by Ana de Castro, after deducting the amount of the expenses of management, repairs, taxes, and interest on the liens that encumbered the same.

3. That the plaintiff shall pay the costs of the suit.

The plaintiff amended and supplemented the first allegation of her complaint in the sense that the defendants accepted the inheritance from Ana de Castro purely and simply, for although they filed a motion with the District Court of San Juan on November 23, 1908, stating that they accepted their mother's estate under benefit of inventory, and that previously, on March 4 of the same year, they had applied to said court for a declaration of intestate heirs, which the court made in an order of the 1st of the following April, extending the same on the 29th of the same month to Rafael Martí as a natural son, therefore seven months approximately elapsed from the date on which they became aware of their character of heirs to the time when they manifested their acceptance of the inheritance under benefit of inventory.

The trial having been held, the court rendered judgment which, copied literally, reads as follows:

"This case having been called for trial in the order in which it

was set on the calendar, the plaintiff and the defendants appeared through their respective counsel and announced that they were ready for trial. After reading their amended pleadings and introducing their evidence they submitted the case to the court on briefs.

"After considering the aforesaid pleadings, evidence, and brief, the court held on the grounds appearing in the written opinion thereof that the facts and the law are partly in favor of the defendants, as shown by the following findings:

"1. It is declared that Ana de Castro was responsible to the plaintiff for the sum of $4,000 for her one-tenth interest in the rentals of house No. 50 Luna Street of this city left by Esteban Escalona.

"2. It is also declared that the defendants, heirs of Ana de Castro, having inherited the property under benefit of inventory, are responsible for said sum only so far as the inventoried hereditary property may suffice to pay the same, and that they are not bound to answer therefor with their individual property.

"3. That Alonso Escalona y Castro, one of the heirs, is also individually responsible to the plaintiff for the sum of $406, which he also owes her for the one-tenth part of the profits produced by the aforesaid house during the period that he provisionally managed the same—that is, from July, 1906, to December 21, 1908.

"4. That each party shall pay their own costs except with respect to Alonso Escalona y Castro, who shall pay to the plaintiff one-half of the costs incurred by her in this suit. The secretary shall enter this judgment and shall issue execution therefor. Given in open court this 30th day of May, 1910. (Signed) Pedro de Aldrey, Judge of Section 1. Attest: (Signed) A. Marín, Secretary. Entered April 1, 1910."

From this judgment both parties, plaintiff and defendants, appealed to this Supreme Court.

The plaintiff's appeal is taken on the ground that the defendants could not have accepted the inheritance from Ana de Castro under benefit of inventory, for the reason that they were in possession thereof and had allowed the legal period granted to profit by such benefit, as established by section 980 of the Civil Code, to elapse; and that even had they not been in possession of the estate or a part thereof, from the moment that they applied for a declaration of heirs without stating that they accepted the inheritance under benefit of

inventory, they performed acts in the capacity of such heirs, and the legal period established by the aforesaid section began to run from the time the declaration was made in their favor, wherefore having tardily exercised the right to accept the inheritance under benefit of inventory they are responsible for the payment of the sum of $4,000, which they have been adjudged to pay, not only with the properties of the estate of Ana de Castro, but also with their own individual property.

The defendants appeal on the ground that as there is no basis upon which to estimate the plaintiff's interest in the rentals of the house, it is impossible to determine such interest, and an error, therefore, was committed in fixing the same at $4,000 for the term of Ana de Castro's management of the house, and another error was committed, for the same reason, in fixing the responsibility of Alonso Escalona during the time of his management at $406. Said responsibility cannot be exacted of Alonso Escalona while the account which he rendered in accordance with sections 1622 and 1789, and following, of the Civil Code is not approved.

The following facts, which were proved at the trial, should be stated in connection with the plaintiff's appeal for a better understanding of the grounds thereof:

1. That upon the death of Ana de Castro on July 3, 1906, her son, Esteban Escalona, on July 30 filed a petition in the District Court of San Juan in the *ex parte* testamentary proceedings of Esteban Escalona, praying for the appointment forthwith of a temporary judicial administrator to take charge of house No. 50 Luna Street of this city until the designation of a permanent administrator was made, and that for this purpose the parties interested in the estate of Esteban Escalona be called to a meeting, no order or decision whatever appearing to have been rendered on such petition.

2. That on March 4, 1908, Esteban Escalona de Castro instituted proceedings in the District Court of San Juan for a declaration of heirs of Ana de Castro, in which proceedings

the children of the deceased, the defendants, were declared to be the intestate heirs.

3. That on November 24, 1908, all the declared heirs of Ana de Castro filed a motion with the same court, wherein they stated that they accepted the inheritance from Ana de Castro under benefit of inventory, and that for said purpose they were ready to comply with the provisions of section 979 of the Civil Code, upon which motion an order was made by the court declaring the intestate inheritance from Ana de Castro to have been accepted by the petitioners under benefit of inventory which was to be made in accordance with the requisites set forth in said order. This was done by the interested parties, and on April 14, 1909, they filed an inventory of the hereditary estate of Ana de Castro showing a net balance of $835.65. Said inventory was attached to the records of the case.

In view of these facts the question arises:

Had the defendants accepted purely and simply the estate of their deceased mother, Ana de Castro, when on November 24, 1908, they appeared in the District Court of San Juan and declared their acceptance of the same under benefit of inventory?

In accordance with section 964 of the Civil Code, an inheritance may be accepted purely and simply or under benefit of inventory; and according to section 965 a pure and simple acceptance may be express or implied, an express acceptance being one made in a public or private instrument, and an implied acceptance one made by acts which necessarily imply a wish to accept, or acts which no one should have a right to execute except in the capacity of an heir, acts of mere preservation or provisional administration not implying the acceptance of the inheritance if at the same time the title and character of heir have not been conferred by said acts.

No public or private instrument expressing the acceptance of the inheritance from Ana de Castro by the defendants has

been brought forth at the trial, and therefore it cannot be sustained that they accepted the same expressly.

Neither have the defendants performed acts from which we may infer that said inheritance was accepted purely and simply in an implied manner inasmuch as it was not done expressly.

The act of Esteban Escalona in requesting in the testamentary proceedings of his father, who bore the same given and surnames, that a temporary judicial administrator be appointed to take charge of house No. 50 Luna Street of this city, which constituted the hereditary estate of the deceased, and that a meeting of the parties interested in the inheritance be called for the appointment of a permanent administrator cannot be deemed as an implied acceptance of the inheritance from Ana de Castro, because the aforesaid house was not her property, but the property of the Sucession of Esteban Escalona; and the circumstance that an interest therein might correspond to Ana de Castro as legatee of Esteban Escalona could not exclude the children of the latter. who are his heirs, from intervening in the administration of the aforesaid house.

Intervention in such administration was compatible with the pure and simple non-acceptance of the inheritance from Ana de Castro.

Because Esteban Escalona requested a declaration of intestate heirs of his deceased mother, which was made in his favor and in that of his brothers and sisters, it cannot be said that he accepted the inheritance from his mother, Ana de Castro, purely and simply for himself and for them, inasmuch as said act does not involve any act in the capacity of an heir, it being solely the exercise of a personal right to obtain a declaration that he is such heir; and without the certainty of having the character of an heir there can be no pure or conditional acceptance of an inheritance.

In consequence of this doctrine, the Contentious Administrative Tribunal of Spain, in a judgment rendered June 8,

1901, held that the fact that a person applies for a declaration to the effect that he is the heir does not imply acceptance of the inheritance, but that it is the only adequate means of ascertaining for a certainty that he is actually such heir.

Now, then, the heirs having become aware of their character as such, different periods are allowed them in which to exercise their right to accept the inheritance under benefit of inventory, and these periods vary according to the circumstances of the case, as provided in sections 980, 981, and 982 of the Civil Code.

In accordance with the first of the aforesaid sections, an heir who may have in his possession the property of the estate or a part thereof, and who may wish to make use of the benefit of inventory, shall state this to the proper district court within 10 days following that on which he has become aware that he is such heir, if he resides in the place where the deceased may have died, and if he resides outside of it the period shall be 30 days; but, in accordance with section 981, if the heir should not have in his possession the inheritance or a part of it, or has not taken any steps as such heir, the periods stated shall be counted from the day following that on which the period fixed by the district court for accepting or repudiating the inheritance expires, or from the day on which he may have accepted it or has acted as heir.

Section 982 provides that with the exception of the cases referred to, if no action has been brought against the heir, he may accept the inheritance under the benefit of inventory before the action to claim the inheritance prescribes.

It was not proven at the trial that the defendants had possession of the property left by Ana de Castro, or that they took any steps as heirs of said party, or that complaint was filed against them as her heirs, and therefore we must reach the conclusion that when on November 24, 1908, the defendants stated that they accepted the inheritance under benefit of inventory, which was later made, they made such declaration within the legal term, and the same, therefore, must have

the legal effects thereof, which are those provided in section 989 of the Civil Code.

By virtue of the aforesaid section, the defendants are not bound to satisfy the debts and other liens on the inheritance from Ana de Castro except so far as the property thereof may suffice to do so, which property is·not to be confounded with the individual property of the defendants. The heirs of Ana de Castro, therefore, are responsible for her liabilities with the properties left by her, as shown by the inventory.

As to the appeal taken by the defendants, the oral evidence proved, and the lower court so held in the opinion which serves as ground for the judgment appealed from, that house No. 50 Luna Street of this city must have produced $140 a month; and as the defendants have not shown by rendering an approximate account, at least of the management of said house, that such sum was excessive, we are obliged to take the aforesaid sum as a basis in order to determine the managing responsibilities of Ana de Castro and Alonso Escalona.

With respect to the latter, the special circumstance exists that Attorney Eugenio Benítez Castaño, in representation of the plaintiff, having demanded from him payment of the participation corresponding to her in the profits of the house for the time during which he managed the same, said Alonso Escalona forwarded to the aforesaid attorney accounts of the management of the house from August 1, 1906, to December 31, 1908, such accounts showing a balance of $183.88 in favor of the Succession of Escalona. Said accounts were not accepted by Ana de Castro, and Alonso Escalona neglected to produce them for examination and argument at the trial.

For the foregoing reasons the judgment appealed from rendered by the District Court of San Juan on March 30 of the year last past should be affirmed.

*Affirmed.*

Justices Wolf and del Toro concurred.

Justices MacLeary and Aldrey did not take part in the decision of this case.